IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-71-FL

| | |
|---|---|
| JARRED J. FORD,[1] | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| PITT COUNTY MEMORIAL HOSPITAL<br>INC. (D/B/A ECU HEALTH INC., A/K/A<br>VIDANT MEDICAL CENTER);<br>RUSSELL J. NORRIS M.D.; RONALD P.<br>FALLARME P.A.; SHAWN MCCARTHY<br>P.A.; RICK MCGLOTHLIN P.A.;<br>DANIELLE L. BRUNSON R.N.; MOLLIE<br>DAVIS R.N.; AMBER N. HERMAN R.N.;<br>CARLY R. MCMAHAN R.N.; and<br>ELIZABETH TEE R.N., | )<br>)<br>)    **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants.[2] | ) |

This matter is before the court on defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 56, 59).[3] The motions have been briefed fully, and the issues raised are ripe for ruling. For the following reasons, the motions are denied.

---

[1] Although not specified in the complaint, the court includes plaintiff's middle initial in the caption of this order and on the face of the docket for consistency with the related criminal case in this district, <u>United States v. Jarred Javon Ford</u>, 5:21-CR-105-BO-1 (E.D.N.C.) (the "related criminal case").

[2] The court constructively amends the case caption to reflect plaintiff's voluntary dismissal of former defendants designated in the complaint as Claudia E. Goettler M.D. ("Goettler"); Michael R. Bard M.D. ("Bard"); Mark A. Newell M.D.; Joseph P. Bethea M.D. ("Bethea"); Anthony T. Re M.D.; Michael G. Konstantinidis M.D.; and Radiologist Joshua Wallace ("Wallace"). All references to "defendants" in this order refer to current defendants designated in the instant caption.

[3] As detailed herein, the motion by defendant Russel J. Norris M.D. ("Norris"), is a "partial" dismissal motion (DE 56), whereas the motion by remaining defendants seeks dismissal of all claims against them.

## STATEMENT OF THE CASE

Invoking the court's diversity jurisdiction, plaintiff commenced this medical malpractice and tort action, pro se, February 7, 2024, arising out of defendants' treatment of plaintiff for gunshot wounds and other injuries.[4] As pertinent to the instant motions, plaintiff asserts claims under North Carolina common law for medical battery/lack of informed consent against defendant Norris (count two); and for medical malpractice against all defendants (counts three, four, and five).[5] Plaintiff seeks compensatory and punitive damages, interest, and costs.

The court ordered plaintiff to correct deficiencies in his case opening filings March 6, 2024, including by filing an application to proceed without prepayment of fees or payment of filing fee. Plaintiff thereafter filed motion for leave to proceed in forma pauperis. The court entered two orders April 9, 2024, pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)(2) and (b)(2), requiring plaintiff to pay the full filing fee, in monthly payments, in accordance with plaintiff's trust fund account statement. Then, on May 2, 2024, the court allowed plaintiff to proceed in forma pauperis, and conducted an initial "frivolity review" of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Order (DE 14) at 1). As pertinent to the instant motions, the court determined that plaintiff was "likely no longer required to comply with the certification requirements imposed by N.C. R. Civ. P. 9(j) ['Rule 9(j)']."[6] (Id. at 5).

---

[4] In the related criminal case, defendant was found guilty of felon in possession of a firearm and sentenced by this court to 120 months imprisonment, and the United States Probation Office in that case filed a presentence investigation report that details the offense conduct underlying that conviction. The related criminal case presently is pending on appeal before the United States Court of Appeals for the Fourth Circuit. See United States v. Jarred Javon Ford, No. 23-4011 (4th Cir.).

[5] Plaintiff's first claim for medical malpractice based upon "failure to identify gunshot wound through chest" was brought solely against former defendants Goettler, Bard, and Wallace, (Compl. (DE 1) ¶¶ 18-23), but this claim is no longer a live claim due to plaintiff's voluntary dismissal of those former defendants on October 10, 2024, and January 29, 2025.

[6] North Carolina Rule 9(j) provides that "[a]ny complaint alleging medical malpractice . . . shall be dismissed unless [inter alia]. . . [t]he pleading specifically asserts that the medical care and all medical records pertaining to the

All defendants, apart from defendant Norris, filed the instant motion to dismiss all claims against them on the basis that plaintiff failed to comply with the certification requirements for medical malpractice actions set forth in Rule 9(j). Defendant Norris filed the instant partial motion to dismiss counts three, four, and five, against him, on the same basis, while also filing an answer and expressly reserving for further adjudication count two of plaintiff's complaint.[7] Plaintiff responded in opposition November 18, 2024. The court, however, directed defendants to re-serve their motions upon plaintiff, due plaintiff's notices of address change and recent filings seeking extension of time. Thereafter, plaintiff filed a supplemental response in opposition and defendants filed a reply. The court has stayed scheduling conference activities pending ruling on the instant motions.

## STATEMENT OF FACTS

The facts alleged in the complaint, as pertinent to the instant motions, may be summarized as follows. Plaintiff was a resident of Florida at all times pertinent to this action and prior to his incarceration in North Carolina.[8] On February 4, 2021, plaintiff arrived at Pitt County Memorial Hospital's emergency room by helicopter, suffering from, inter alia, "gunshot wounds, multiple long bone fractures, burns, acute pain and other unidentified injuries." (Compl. (DE 1) ¶ 11).

---

alleged negligence . . . have been reviewed by a person who is reasonably expected to qualified as an expert witness . . . and who is willing to testify that the medical care did not comply with the applicable standard of care." N.C. Gen. Stat. § 1A-1, Rule 9(j).

[7] Upon plaintiff's filing of notice of voluntary dismissal as to former defendant Wallace, an additional motion to dismiss previously filed by that former defendant was terminated as moot.

[8] The court takes judicial notice of plaintiff's conviction in the related criminal case, the facts underlying that conviction, and the sentence of imprisonment. See United States v. Jarred Javon Ford, 5:21-CR-105-BO-1 (E.D.N.C.). For purposes of confirming the court's diversity jurisdiction, the court notes that "generally, [a] prisoner presumptively retains his prior citizenship for purposes of diversity jurisdiction." Cohen v. Hurson, 623 F. App'x 620, 621 (4th Cir. 2015) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247–48 (3d Cir.2013)).

Plaintiff initially was treated in the emergency room by former defendants Goettler, Bard, and Wallace.

On February 5, 2021, defendant was treated by former defendants Bethea and Goettler, who allegedly did not get plaintiff's consent for surgeries then planned. Later that day, defendant Norris "performed multiple operations to repair plaintiff's broken bones in both legs and his right arm." (Id. ¶ 26). Accordingly to plaintiff, defendant Norris failed to exercise reasonable care in not obtaining consent for the surgeries and in the manner in which the surgeries were completed.

Plaintiff alleges that post-surgery starting February 6, 2021, he "would constantly complain to hospital staff from the time he woke until being discharged on February 11th 2021 about the excruciating pain in his arm and hand." (Id. ¶ 32). According to the complaint, defendant physician assistants and nurses, Ronald Fallarme P.A., Shawn McCarthy P.A. ("McCarthy"), Danielle L. Brunson R.N., Mollie Davis R.N., Amber N. Herman R.N., Carly R. McMahan R.N., and Elizabeth Tee R.N., "failed to exercise reasonable care and diligence in . . . plaintiff's care" including in "failing to diagnose and treat acute pain in right hand and arm" and "discharging plaintiff with active emergency medical conditions." (Id. ¶ 34). Defendant Pitt County Memorial Hospital Inc. and additional unidentified hospital staff allegedly breached their duty to plaintiff by failing upon discharge to document plaintiff's conditions, provide medications, and other amenities reasonably available to other patients. (Id. ¶ 53).

Plaintiff also alleges he received treatment by defendants Norris and McCarthy during "follow-up appointments" between February 2021 and April 2022. According to the complaint, these defendants unreasonably failed to treat plaintiff's pain after the first surgery, delayed a second surgery that took place in April 2022 to "remove the nail" in plaintiff's arm, denied referral

to a specialist, and otherwise failed to provide reasonable medical care and treatment. (Id. ¶¶ 38, 47).

**COURT'S DISCUSSION**

A.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[9]

B.     Analysis

Defendants argue that plaintiff's medical malpractice claims, comprising all of plaintiff's remaining claims except for count two, must be dismissed due to plaintiff's failure to include a Rule 9(j) certification. The court disagrees.

As an initial matter, the court notes that it already determined upon initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) that dismissal is not required on the basis of Rule 9(j). (See Order (DE 14) at 5). The instant motions do not provide any basis for departing from that determination.

---

[9] In case citations in this order, internal quotations and citations are omitted, unless otherwise specified.

Defendants' argument is foreclosed by the decision of the United States Court of Appeals for the Fourth Circuit in Pledger v. Lynch, 5 F.4th 511 (4th Cir. 2021), in which the court held that a West Virginia certification requirement for medical malpractice claims and "certificate requirements like West Virginia's do not govern actions in federal court, because they conflict with and are thus supplanted by the Federal Rules of Civil Procedure." Id. at 518.

In Pledger, the defendants sought dismissal of a Federal Tort Claims Act ("FTCA") claim on the basis of West Virginia's certification requirement, which required "would-be medical malpractice plaintiffs [to] serve on each putative defendant, at least thirty days prior to filing suit, a notice of claim that includes a 'screening certificate of merit' from a health care provider who qualifies as an expert under state law." Id. (quoting W. Va. Code § 55-7B-6)). Applying the Supreme Court's "well-established, two-step framework for mediating any potential conflict" between state and federal law, set forth in Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 398 (2010), the court held that "failure to comply with West Virginia's [certification requirement] is not grounds for dismissal of [the plaintiff's] federal-court FTCA action." Id.

Although Pledger considered application of West Virginia's certification requirement to an FTCA claim, its reasoning applies equally to North Carolina's Rule 9(j) and the instant malpractice claims. In particular, Pledger found a conflict between the state rule and the federal rules because Federal Rule of Civil Procedure 8 requires only a "short and plain statement" of a plaintiff's claim, whereas West Virginia's rule "requires more." Id. Similarly, North Carolina's Rule 9(j) requires more, in that a "specific[] assert[ion]" must be made in the complaint about an expert opinion of malpractice. See N.C. R. Civ. P. 9(j). In addition, Pledger reasoned, Federal Rule of Civil Procedure 9 requires only "only those alleging fraud or mistake [to] 'state with

particularity the circumstances,'" whereas West Virginia's rule "imposes a heightened pleading standard." Pledger, 5 F.4th at 519. "Applying it in federal court, then, would upset the careful balance struck by the Federal Rules." Id. The same consequence flows from application of North Carolina's Rule 9(j).[10] Further, under Federal Rule of Civil Procedure 12, "[p]laintiffs need not gather any expert evidence . . . for a claim to be plausible," and West Virginia's "certificate requirement thus represents an additional hurdle for plantiffs." Id. The same, again, is true for North Carolina's Rule 9(j).

Cases cited by defendants are inapposite because they all predate Pledger, none of them provide grounds for distinguishing Pledger, and none of them are binding authority. See Littlepaige v. United States, 528 F. App'x 289, 292 (4th Cir. 2013); Flythe v. Davis, No. 4:10-CV-00126-BO, 2011 WL 1870229, at *2 (E.D.N.C. May 16, 2011); Moore v. Pitt County Memorial Hosp., 139 F.Supp.2d. 712, 713 (E.D.N.C. 2001); Peck v. Tegtmeyer, 834 F. Supp. 903, 909 (W.D. Va. 1992). Defendants cite no case following Pledger holding to the contrary. Indeed, the only two other district courts that have addressed Rule 9(j) after Pledger in diversity jurisdiction cases have held that Rule 9(j) does not provide a basis for dismissal. See, e.g., Jackson-Shakespeare v. Novant Healthcare Inc., No. 322CV00317FDWDCK, 2023 WL 8809291, at *2 (W.D.N.C. Dec. 20, 2023); Moreno v. Ahmed, No. 1:19CV360, 2023 WL 3948291, at *25 (M.D.N.C. June 12, 2023).

---

[10] Indeed, North Carolina's Rule 9(j) creates a stronger, more direct, conflict with the Federal Rules than West Virginia's rule. For example, whereas West Virginia's rule requires pre-suit service of a certificate, Rule 9(j) requires an additional statement within each pleading, thus conflicting more squarely with the requirements in Federal Rules of Civil Procedure 8 and 9. See Pledger, 5 F.4th at 530 (Quattlebaum, J., dissent.) (noting that "West Virginia's certificate of merit requirement is entirely different and temporally distinct from pleadings," and "has no effect on what is included in the pleadings of a case"). This Rule 9(j) pleading requirement also provides a basis for distinguishing the instant case from prior cases involving other states' pre-suit "arbitration" or "panel-review" requirements. See, e.g., DiAntonio v. Northampton-Accomack Mem'l Hosp., 628 F.2d 287, 290 (4th Cir. 1980) and Davison v. Sinai Hosp. of Baltimore, Inc., 617 F.2d 361, 362 (4th Cir. 1980).

Defendants suggest that this court need not follow Pledger because "this case is not brought under the Federal Tort Claims Act" and defendants "are not alleged to be federal government employees." (Reply (DE 78) at 2). However, neither the assertion of a Federal Tort Claims Act claim nor the presence of federal defendants was material to the court's decision in Pledger. See Pledger, 5 F.4th at 518; Shady Grove, 559 U.S. at 398; see also Pledger, 5 F.4th at 532 (Quattlebaum, J., dissent.) (contrasting Pledger with Shady Grove, which "specifically considered what law to apply when sitting in diversity jurisdiction under 28 U.S.C. § 1332"). Thus, the court is bound to follow Pledger on the basis of its reasoning. See City of Martinsville, Virginia v. Express Scripts, Inc., ___ F.4th ___, 2025 WL 441758, at *4 (4th Cir. 2025) ("[A] decision's rationale binds us even if some immaterial facts differ."); Payne v. Taslimi, 998 F.3d 648, 655 (4th Cir. 2021) ("If necessary to the outcome, a precedent's reasoning must be followed.").

In sum, dismissal on the basis of Rule 9(j) is not warranted.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss are DENIED. Defendants other than defendant Norris shall file a responsive pleading within 14 days of the date of this order, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

SO ORDERED, this the 13th day of February, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge